UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL MICHAEL NORMAN | CIVIL ACTION |
| VERSUS | NO. 22-2512 |
| WASHINGTON PARISH JAIL, ET AL. | SECTION "H" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Paul Michael Norman was housed in the Washington Parish Jail ("WPJ") when he filed this *pro se* and *in forma pauperis* prisoner civil rights suit under 42 U.S.C. § 1983 against defendants WPJ, Warden Jim Miller, Sheriff Randy Seal, Corrections Officer Juani Bautista, and Corrections Officer McKenzie Cooper challenging the conditions of his confinement at WPJ. ECF No. 1, ¶ II, at 2; ¶ IV(1)-(4), at 4-8.

On January 9, 2023, the Court attempted, for a second time, to conduct a telephone conference in this matter to allow Norman to engage in a hearing according to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny. The first hearing was scheduled for January 5, 2023, at 10:00 a.m. ECF No. 18. That hearing was re-scheduled after the court was notified by defense counsel that Norman had been released from WPJ. ECF No. 19. Norman had not provided a change of address to the Court, but defense counsel provided Norman's last known address. ECF No. 19-1 (letter from counsel).

The court issued an Order, mailed to Norman at WPJ and the last known address provided, requiring Norman to provide the court in writing with his current mailing address and telephone number and notifying him that his failure to do so would result in the recommendation that his

complaint be dismissed for failure to prosecute. ECF No. 19. Norman did not comply, and both envelopes sent to Norman have since been returned, marked as undeliverable. ECF Nos. 22, 23.

In the meantime, on December 8, 2022, the court re-scheduled the *Spears* hearing by telephone for January 9, 2023, at 10:00 a.m. ECF No. 21. That Order was again mailed to Norman at WPJ and his last known address. This envelope was also returned, marked undeliverable. ECF No. 24. On the morning of the hearing, the court called the case and only counsel for defendants appeared. Norman failed to appear at that conference. After waiting until 10:15 am, the court terminated conference. ECF No. 25.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1. In addition, the complaint form used by Norman to institute this action

---

[1] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.

contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, ¶VI(2), at 9 (Plaintiff's Declaration). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

Norman failed to appear for two scheduled conferences with the court and has not notified the court of a new address. Norman's failure to comply with the court's orders to appear for the scheduled conferences has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Norman, justifying dismissal of his complaint.[6]

In a final effort to provide Norman with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Norman is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Norman that any objection should contain a short summary of the reasons why he failed to provide his current address and failed to appear for the scheduled conference on January 9, 2023, at 10:00 a.m. Norman is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Norman is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his Complaint. A party's

---

[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Paul Michael Norman's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this 10th day of January, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).